IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID LEE LEWIS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-CV-498-RAH-KFP |
| | ) | |
| DOLLAR GENERAL, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is Defendant Dolgencorp's Motion to Dismiss (Doc. 13) pro se Plaintiff David Lee Lewis Sr.'s Amended Complaint, which asserts claims against Dollar General[1] and Trueliving.[2] Doc. 1. For the reasons set forth below, the undersigned recommends dismissal of the action on shotgun pleading grounds and for failure to comply with court orders.

## I. JURISDICTION

On June 22, 2026, Defendant Dolgencorp, LLC, properly removed this case from Circuit Court in Butler County, Alabama (Doc. 1) based on this Court's diversity jurisdiction because the Defendants are completely diverse and the amount in controversy is satisfied based on Plaintiff's demand for $25 million in damages along with his claim for damages based on bodily injuries, pain and suffering, and mental anguish. Doc. 1 at 3–

[1] In his Amended Complaint Plaintiff interchangeably refers to Dollar General by its legal entity name "Dolgencorp."
[2] As noted in Defendant's Motion to Dismiss (Doc. 13), "although the amended complaint refers to 'Trueliving' as a party against whom relief is sought, 'Trueliving' does not appear in the caption and is not separately identified as a defendant."

5; *see* 28 U.S.C. § 1332, 1441, and 1446; Doc. 12 at 6, 8 (seeking $12.5 against Trueliving and against Dolgencorp).

**II. STANDARD OF REVIEW**

When evaluating a motion to dismiss under Fed. R. Civ. P. Rule 12(b)(6), a court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and each factual allegation should be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). To "state a claim to relief that is plausible on its face," a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556, 570). With this in mind, the Court accepts Plaintiff's factual allegations as true and construes the Amended Complaint in his favor. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

**III. BACKGROUND**

Plaintiff purchased a Trueliving folding step stool from Dolgencorp's store in Greenville, Alabama. Plaintiff alleges, while using the stool as intended, it "collapsed and broke" injuring Plaintiff's back. Doc. 12. Upon filing his initial complaint against Dollar

General,[3] Dolgencorp filed a motion to dismiss, or, alternatively, motion for more definite statement. Doc. 3. Dolgencorp argued, among other things, that the claim is barred by Alabama's Innocent Seller Statute, and that the Complaint is a shotgun pleading. *Id*. Thereafter, Plaintiff moved for leave to amend his Complaint. Doc. 9. The Court granted Plaintiff leave to amend and noted that "[Plaintiff's] failure to file an Amended Complaint meeting the requirements of this Order and the Federal Rules of Civil Procedure will result in a recommendation that the action be dismissed." Doc. 11 at 4. The undersigned warned against shotgun pleading and provided instructions to Plaintiff for amendment. Doc. 11 at 2–4. Plaintiff filed an Amended Complaint and brought a separate list of identical claims against Dolgencorp and Trueliving for the following claims: pain and suffering, mental anguish; breach of duty; breach of warranty; intentional misconduct; negligence; gross negligence; punitive damages. Doc. 12. Subsequently, Defendant filed a Motion to Dismiss for Failure to State a Claim. Doc. 13.

## IV. DISCUSSION

After reviewing the Amended Complaint, the Court finds that it warrants dismissal on shotgun pleading grounds and for failure to follow court orders.

### A. Plaintiff's Complaint is a shotgun pleading.

The factual assertions in the Amended Complaint are sparse.

- Plaintiff purchased the subject step stool during the first week of operations of Dolgencorp store #16829;

[3] In his first Complaint, Plaintiff references Defendant as "Dollar General." Doc. 1-1. In the Notice of Removal, Defendant asserts its correct name is "Dolgencorp, LLC." Doc. 1 at 1.

- At the time of Plaintiff's injury, he was 194lbs and the weight capacity of the stool is 300lbs; and
- The first time he used the stool, on May 17, 2025, it was used as intended, but the stool collapsed and injured his back.

Doc. 12 at 4. The legal allegations are plentiful. For example, Plaintiff alleges Dolgencorp and Trueliving "placed a product into the stream of commerce that was in a defective condition and was unreasonably dangerous to the Plaintiff." *Id*. Plaintiff further concludes, "Under Alabama's The Alabama Extended Manufacturer's Liability Doctrine and the Alabama Innocent Seller Statute (6-5-521), Dolgencorp cannot claim absolute protection as a 'innocent seller' because putting their private label (Trueliving) on the product makes them legally act as a manufacturer or active marketer, regardless of whether it was made in China." Doc. 12 at 2. Plaintiff concludes his amended complaint with a series of eight counts, each containing only a legal title (e.g., "Count 1, Pain and Suffering – Injury to my back"; "Count 6, Negligence – Fail to use reasonable care, resulting in an unsafe item that caused injury."); the claims are first asserted against Dolgencorp and then repeated against Trueliving. Doc. 12 at 5–8.

Shotgun pleadings fit into several prohibited categories. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). A common category of shotgun pleading is one "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. Another common type of shotgun complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323. "The unifying characteristic of all types of

shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

Here, the Amended Complaint is "replete with conclusory, vague, and immaterial facts." *Id.* at 1322. As noted, insofar as the Court can understand the Amended Complaint, the eight counts are based entirely on legal conclusions unaccompanied by supporting facts. For example, Count 3 alleges a "[b]reach of duty-failure to warn or a failure to recall/remedy a known danger," Count 5 alleges "[i]ntentional misconduct-knowingly selling a dangerous item," and Count 7 alleges "[g]ross negligence- knew of severe danger or ignored obvious safety rules, yet sold the item anyway." Plaintiff fails to provide a plausible legal or factual basis for these claims other than each claim's conclusory title. For example, there are no facts alleged to suggest, among other things, the requisite knowledge that Dolgencorp allegedly possesses, steps Dolgencorp allegedly took, relevant dates or general time periods of any such action, or any factual basis for the claims.

Similarly, Count 4 alleges a "breach of warranty-product did not work and poor quality material" and Count 6 alleges "negligence- fail to use reasonable care, resulting in an unsafe item that caused injury." These conclusory claims do not allege facts to show what warranty was breached, what facts made the stool "poor quality," or any facts to support the conclusion it was unsafe. All the Court can discern from the pleading is Plaintiff stepped on a stool; the stool collapsed; and Plaintiff was injured. At its most basic interpretation, the Court (and defendant) doesn't know, for instance, what Dolgencorp did or didn't do, *factually*, as it relates to the alleged eight causes of action. As to Counts 1, 2, and 8, these claims seek damages and are immaterial as legal claims. Because Plaintiff's

eight claims are conclusory and devoid of factual support, the Amended Complaint is a shotgun pleading and is due to be dismissed.[4]

Further, the Amended Complaint resembles the type of shotgun pleading that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323. When Plaintiff was asked to amend his Complaint, in essence, to clarify what claims were asserted against Dolgencorp and Trueliving respectively, Plaintiff merely reasserted identical legal conclusions against both parties without providing any additional factual basis for any of the claims. Again, because it is unclear who is responsible for what omissions or acts, the Amended Complaint is a shotgun pleading and is due to be dismissed on these grounds.

**B. Plaintiff has failed to follow court orders.**

The Court afforded Plaintiff the opportunity to amend his shotgun pleading (Doc. 11), and he failed to follow the Court's instructions. Thus, because prior leave to amend has proved futile, the undersigned finds it would be similarly futile to allow Plaintiff another opportunity to amend his Complaint. Accordingly, the undersigned finds this action is due to be dismissed.

[4] As noted by the Defendant, some claims may also be barred by Alabama's Innocent Seller Act. Because the undersigned finds that Plaintiff's claims are embedded in an impermissible shotgun pleading, analysis of this substantive defense to the claims is pretermitted.

**C. Plaintiff's claims against Trueliving should be dismissed sua sponte.**

Plaintiff asserted identical claims against Trueliving. Although Trueliving has yet to be served, the undersigned recommends that Plaintiff's claims against it be dismissed for the same reasons. "[A] court may dismiss a complaint *sua sponte* assuming the court exercises caution." *See Byrne v. Nezhat*, 261 F.3d 1075, 1134 n.99 (11th Cir. 2001) (citing *Clorox Co. v. Proctor & Gamble Commercial Co.,* 228 F.3d 24, 30 (1st Cir.2000) (stating that "it is occasionally appropriate for a district court to note the inadequacy of the complaint and, on its own initiative, dismiss the complaint [,] a court may not do so without at least giving plaintiffs notice of the proposed action and affording them an opportunity to address the issue.") (alteration in original) (internal citation omitted)). In *Byrne*, the Court found that the parties had notice of the possible dismissal because of "the numerous hearings, motions, and voluminous memoranda filed by both sides regarding the adequacy of the complaint[.]" *Id.* Here, as noted above, the Motions to Dismiss filed by Dolgencorp and this Court's Order granting leave to amend with instructions and a warning "that failure to file an Amended Complaint meeting the requirements of this Order and the Federal Rules of Civil Procedure will result in a recommendation that the action be dismissed," provide clear notice the Court was considering the amended Complaint's sufficiency and dismissal as a remedy for noncompliance. Thus, sua sponte dismissal is appropriate.

Additionally, an alternative outcome would be futile. *See Byrne*, 261 F.3d at 1134 n. 99 (holding that claims were rightfully dismissed sua sponte because they were pleaded without factual support) (quotation omitted). Because the claims were conclusory and not pleaded with factual support after Plaintiff was provided instructions about this deficiency,

yet another amendment opportunity would be futile. Therefore, the undersigned recommends the claims against Trueliving also be dismissed.

## V. CONCLUSION

For the above reasons, the undersigned RECOMMENDS Plaintiff's Amended Complaint (Doc. 12) be DISMISSED without prejudice.

Further, it is ORDERED that on or before **November 9, 2026**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *See* 11th Cir. R. 3-1.

DONE this 26th day of October, 2026.

KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE